UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JERRY COOLEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:05-CV-1382-JCH |
| | ) | |
| **FEDERAL BUREAU OF PRISONS and** | ) | |
| **JIM MOORE,** | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Jerry Cooley's motion for leave to proceed in forma pauperis in the instant petition for writ of habeas corpus. Based upon the financial information provided with the motion, the Court will grant petitioner's motion to proceed without payment of the filing fee. Furthermore, the Court has reviewed and will grant the petition.

### The petition

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. §§ 2255 and 2241. Currently incarcerated at Northeast Correctional Center ("NECC"), a Missouri maximum/medium security correctional center, petitioner states that he is also subject to a term of federal imprisonment for a single count of bank robbery. Petitioner asserts that he will not be eligible for entry into a long-term rehabilitative opportunity unless NECC is designated, *nunc pro tunc*, as his place of confinement for serving his federal sentence. Petitioner states that he presented his motion for *nunc pro tunc* designation to the Bureau of Prisons, which denied his motion as follows: "The Bureau will not negate of [sic] the federal statute for consecutive service of the Federal Sentence." Petitioner seeks immediate discharge, a year's credit on his sentence, or, in the

alternative, that the Court designate, *nunc pro tunc*, NECC as the place of his federal confinement.

**Discussion**

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has broad discretion in designating a place of imprisonment and has the authority to make the *nunc pro tunc* designation sought by petitioner. 18 U.S.C. § 3621(b); *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1990). By making such designations, the Bureau can significantly affect the terms of petitioner's confinement. Issues which affect the terms of petitioner's confinement "are fundamental issues of liberty that fall within [the Court's] jurisdiction under 28 U.S.C.A. § 2241." *Id.* at 479.

Petitioner is entitled to "fair treatment" by the Bureau on his application for *nunc pro tunc* status. 18 U.S.C. § 3621(b); 28 C.F.R. 541.12 (2005). Petitioner is not treated "fairly" if the Bureau denies having the broad discretion granted to it by Congress, as it appears to have done in its response to petitioner's motion, *supra*. Accordingly, the Court holds that petitioner is entitled to have his request considered by the Bureau of Prisons and that 28 U.S.C. § 2241 is available to compel that consideration.

Therefore,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **GRANTED** and that respondents shall consider petitioner for a possible *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b).

Dated this 28th day of November, 2005.

/s/ Jean C. Hamilton
      **UNITED STATES DISTRICT JUDGE**