UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY COOLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1382 JCH |
| ) | |
| FEDERAL BUREAU OF PRISONS and ) | |
| JIM MOORE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Request for Judgment by Default, filed September 7, 2006. (Doc. No. 4). By way of background, on March 26, 1996, Petitioner was sentenced by this Court to 87 months imprisonment, for four counts of violation of 18 U.S.C. § 2113A, Bank Robbery. (Doc. No. 7, P. 1). Petitioner served that sentence with the Federal Bureau of Prisons ("BOP"), and was released to his 2-year term of supervised release on January 10, 2002. (Id.).

On July 12, 2003, Petitioner was arrested by state authorities on charges of armed criminal action and second degree robbery. (Doc. No. 7, P. 2). On October 16, 2003, this Court issued a writ of habeas corpus ad prosequendum, to "borrow" Petitioner from the state authorities. (Id.). On December 1, 2003, this Court revoked Petitioner's supervised release, and imposed a sentence of 18 months for the supervised release violation. (Id.). The Judgment was silent as to whether it was to be served consecutively to, or concurrently with, any later-imposed state sentence.

After being returned to primary custody of the state, Petitioner was sentenced to five years imprisonment on the state charge on June 23, 2004. (Doc. No. 7, P. 2). On July 5, 2005, Petitioner filed a request with the BOP, asking that it designate the State of Missouri as the place of

confinement for purposes of service of his federal term of imprisonment.  (Id.).  The BOP denied Petitioner's request on July 6, 2005.  (Id.).

Petitioner filed his federal Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2255 and 2241 on August 29, 2005.  (Doc. No. 1).  At the time of his filing, Petitioner was incarcerated in the Northeast Correctional Center ("NECC"), in Bowling Green, Missouri.  In his federal petition, Petitioner requested that this Court either order his discharge, grant him a year's credit on his sentence, or direct designation of the NECC as the place for Petitioner's federal confinement.  (Id., P. 7).   In an Order entered November 28, 2005, prior to service of Petitioner's petition on Respondents, this Court held as follows:

> Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons has broad discretion in designating a place of imprisonment and has the authority to make the *nunc pro tunc* designation sought by petitioner.  18 U.S.C. § 3621(b); *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 482 (3d Cir. 1990). By making such designations, the Bureau can significantly affect the terms of petitioner's confinement.  Issues which affect the terms of petitioner's confinement "are fundamental issues of liberty that fall within [the Court's] jurisdiction under 28 U.S.C.A. § 2241."  *Id.* at 479.
>
> Petitioner is entitled to "fair treatment" by the Bureau on his application for *nunc pro tunc* status.  18 U.S.C. § 3621(b); 28 C.F.R. 541.12 (2005).  Petitioner is not treated "fairly" if the Bureau denies having the broad discretion granted to it by Congress, as it appears to have done in its response to petitioner's motion, *supra*. Accordingly, the Court holds that petitioner is entitled to have his request considered by the Bureau of Prisons and that 28 U.S.C. § 2241 is available to compel that consideration.

(Doc. No. 3, P. 2).  Based on the foregoing, this Court granted Petitioner's petition for a writ of habeas corpus, and ordered Respondents to consider Petitioner for a possible *nunc pro tunc* designation pursuant to 18 U.S.C. § 3621(b).  (Id.).

As stated above, Petitioner filed the instant Request for Judgment by Default on September 7, 2006.  (Doc. No. 4).  In his motion, Petitioner states Respondents have neither complied with the writ, nor responded to this Court's Order in any way.  (Id., P. 3).  Petitioner thus requests that the

Court issue a default judgment against Respondents, and order Respondents to discharge Petitioner from prison and moot the detainer lodged against him. (Id.).

On October 12, 2006, Defendant Federal Bureau of Prisons filed its Opposition to Petitioner's Request for Judgment by Default. (Doc. No. 7). The BOP attached to its response a copy of its original denial of Petitioner's request for a designation of place of confinement, which states in relevant part as follows:

> You request that the Bureau of Prisons (BOP) run your federal sentence concurrently with your present state sentence pursuant to Barden v. Keohane, 921 F.2d 476. You request the BOP exercise its authority pursuant to Title 18 U.S.C. § 3621(b), to designation (sic) the Missouri Department of Corrections (MO DOC) as the facility for service of the federal sentence....
>
> You have presented no mitigating circumstances, or evidence mandating concurrent service of your sentences. Neither, have you shown the cause of justice and public safety would be better served by commencing service of your federal sentence. Furthermore, the Bureau will not negate the intent of the federal statute for consecutive service of the federal sentence. Therefore, your request for the Bureau to designate the MO DOC, Nunc Pro Tunc, as the facility for concurrent service of your federal and state sentences, is denied. This is pursuant to the authority vested in the Bureau under Title 18 U.S.C. § 3621(b), and in accordance with Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990).

(Id., attached Exh. F).

Upon review of the foregoing, the Court finds the BOP in fact fulfilled its obligations under both 18 U.S.C. § 3621(b), and Barden v. Keohane, in its consideration of Petitioner's request. This Court's review thus is limited to whether the BOP's decision amounted to an abuse of discretion, and the Court holds it did not. See McCarthy v. Doe, 146 F.3d 118, 123 n. 4 (2d Cir. 1998). The Court therefore will vacate its earlier order granting Petitioner's petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that this Court's Memorandum and Order granting Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 3) is **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. §§ 2255 and 2241 (Doc. No. 1) is **DENIED**, and Petitioner's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

**IT IS FURTHER ORDERED** that Petitioner's Request for Judgment by Default (Doc. No. 4) is **DENIED**.

Dated this 2nd day of May, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE